**UNITED STATES of America,**
Appellant,

v.

**Brian DONO, Michael Uvino,**
**Defendants–Appellees.**

**Nos. 07–5333–cr(L), 07–5334–cr(CON).**

United States Court of Appeals,
Second Circuit.

April 23, 2008.

Elizabeth A. Geddes, Assistant United States Attorney (Benton J. Campbell, United States Attorney for the Eastern District of New York, on the brief; David C. James, Paige Peterson, Assistant United States Attorneys, of counsel), Brooklyn, NY, for Appellant.

Charles S. Hochbaum, Brooklyn, NY, for Defendant–Appellee Brian Dono.

Michael S. Washor (Nicholas J. Pinto, on the brief) New York, NY, for Defendant–Appellee Michael Uvino.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. LORETTA A. PRESKA, District Judge.*

### SUMMARY ORDER

The government appeals the November 27, 2007 orders of the United States District Court for the Eastern District of New York (Weinstein, J.), granting the release of defendants-appellees Michael Uvino and Brian Dono from pretrial detention. We assume the parties' familiarity with the underlying facts and procedural history of the case.

On September 8, 2007, the defendants were arrested on a criminal complaint charging them with assaulting two individ-

---

* The Honorable Loretta A. Preska of the United States District Court for the Southern District of New York, sitting by designation.

**36**

uals, identified only as John Doe #1 and John Doe #2, in violation of 18 U.S.C. § 1959, and with using a firearm during the assault, in violation of 18 U.S.C. § 924(c). The complaint also charged that Uvino was a "captain" and Dono an "associate" in the Colombo. organized crime family. At detention hearings before the assigned magistrate judges on September 12, 2007 (for Dono) and September 18, 2007 (for Uvino), the government proffered that on September 5, 2007, the defendants assaulted and threatened to kill John Does #1 and #2 in retaliation for their perceived participation in a robbery of a Colombo family "social club." In support of its motions for detention, the government played excerpts of an audio recording of the assault that was captured by a cooperating witness. The recording revealed the defendants' beating and threatening the victims and promising to carry out further acts of violence against them and their families unless the victims provided money to the defendants. Magistrate Judges Go and Azrack each found that the government met its burden of proving by clear and convincing evidence that the defendants present a danger to the community. Regarding Uvino, Judge Azrack commented: "I've never had a situation where there was more clear and convincing evidence that this person is a danger to the community" and that "the evidence of the defendant's guilt is overwhelming, overwhelming. I mean that tape says it all."

Each defendant appealed his detention order to the district court, which held hearings on October 29, 2007 (for Uvino) and November 1, 2007 (for Dono). The government proffered to the district court evidence of the September 5 assault, including testimony from John Does #1 and #2, the audio recording of the assault, and another audio recording, made on September 7, 2007, of Uvino and Dono discussing the incident. The district court found that there was probable cause to believe that

both Uvino and Dono committed offenses under 18 U.S.C. § 924(c) but nevertheless concluded that a combination of conditions would reasonably assure the appearance of each defendant at trial and the safety of the community. Uvino was released upon a $2 million dollar bond, with the following conditions: that he be subject to home detention and electronic monitoring; that the telephones of Uvino, his brother, and sister-in-law may be tapped by the government; that he be subject to random visits by Pretrial Services; that he be prohibited from having contact with the co-defendants or other individuals known to him to be members of organized crime; and that his father, a retired police officer, take "personal responsibility" for the defendant for the duration of his release. Dono was released upon a $3 million bond with similar conditions, although without parental supervision.

Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.,* a court may order a defendant detained if he has been charged with a "crime of violence" and the government shows by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the ... safety of any other person and the community." 18 U.S.C. § 3142(e), (f). If the court finds there is probable cause to believe that a defendant used a firearm during a crime of violence, the defendant must rebut a presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety ... of the community." 18 U.S.C. § 3142(e).

In this case, the district court found that there was probable cause to believe that each defendant committed an offense under 18 U.S.C. § 924(c), giving rise to the rebuttable presumption in § 3142(e). *See, e.g., United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir.2001) ("Because the appel-

lees have been indicted for violating 18 U.S.C. § 924(c), a statutory presumption in favor of detention arises. . . ."). The district court did not dispute that each defendant posed a danger to the community and explicitly so found as to Dono. Nevertheless, the district court concluded that the conditions imposed were sufficient to rebut the statutory presumption.

The district court's determination of the facts pertaining to dangerousness and its finding of the efficacy of bail conditions are reviewed for "clear error." *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir.1995). However, this court's "scope of review is slightly broader with respect to the ultimate determination that a defendant does, or does not, present a risk to the citizenry." *Id.* (internal quotation marks omitted).

We conclude that the district court committed clear error in determining that the specified bail conditions overcame the presumption that these defendants pose a danger to the community at large, and John Does # 1 and # 2 in particular, and reasonably assured the safety of the community. The audio recording of the assault provided overwhelming evidence of the defendants' use of firearms to assault two civilians physically, pistol-whipping them and attempting to or actually putting the barrel of a handgun in a victim's mouth. The recording also reveals the victims' pleading not to be killed. On the September 7 tape, Uvino also admitted having struck John Doe # 1 with a chair. Moreover, Uvino and Dono explicitly threatened future physical harm to the victims and their families by directing them to turn over their drivers licenses, in order to obtain their names and home addresses, and then promising them that "if this isn't right we're coming right to your house. And believe me, we're not gonna be nice."

The release conditions imposed by the district court are insufficient to overcome the statutory presumption for dangerousness applicable here. *See United States v. Colombo*, 777 F.2d 96, 99–100 (2d Cir.1985) (rejecting similar conditions as "clearly inadequate to protect the public from one found for bail purposes to be a danger to the community"). The court's directives to the defendants not to harass the victims or have contact with other Colombo family members do not ensure that they will comply. *See id.* at 100 (reversing district court's grant of pretrial release and noting that prohibiting a defendant from intimidating a witness "does not at all impede his ability to do so, and requires no more of him than that which the law already demands from . . . every other citizen"). And, as a general matter, we have noted that the idea that "specified conditions of bail protect the public more than detention is flawed" because, among other reasons, "[t]hese conditions would at best elaborately replicate a detention facility without the confidence of security such a facility instills." *United States v. Orena*, 986 F.2d 628, 632 (2d Cir.1993) (citation and internal quotation marks omitted). Finally, the innovative provision in the district court's order requiring Uvino's father, a retired police officer, to "take personal responsibility for defendant" is likewise insufficient to ensure the safety of the community from his son. As we noted in *Orena*, the "[s]afety of the community will be assured only if the government provides *trustworthy, trained staff* to carry out the extensive monitoring of homes, telephones, and travel that would be necessary to ensure compliance with the conditions of bail." *Id.* at 632–33. (emphasis added). Mr. Uvino, who served as a police officer over thirty years ago, is not "trained" to monitor pretrial detainees and, by no fault of his own, cannot be said to be "trustworthy" in monitoring his own son's compli-

**38**

ance with conditions of bail twenty-four hours a day, seven days a week. In sum, pretrial detention was the means chosen by Congress in the Bail Reform Act to protect the community from dangerous defendants. We seriously doubt that any release conditions could satisfactorily achieve this end under the circumstances of this case; in any event, the conditions imposed by the district court were plainly insufficient.

For the foregoing reasons, the bail orders releasing the defendants-appellees are REVERSED.